IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL JACKSON OFORI,**

    Petitioner,

v.                                                         **No. CV 12-1131 JCH/LAM**

**ERIC HOLDER, et al.,**

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Respondent Ray Terry's *Motion to Dismiss Habeas Petition Without Prejudice (Doc. 17)*, filed January 28, 2013. Petitioner did not file a response to the motion, and the time for doing so has passed. United States District Judge Judith C. Herrera referred the claims raised by Petitioner in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 7*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Respondent's *Motion to Dismiss Petition Without Prejudice (Doc. 17)*, *Petitioner's Motion to Expedite Decision (Doc. 9)*, and *Petitioner's Motion to Present Additional Evidence for Inclusion in his Case (Doc. 14)* be **GRANTED**; Petitioner's *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)*, *Motion for Appointment of Counsel*

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

*Pursuant to 18 U.S.C. Section 3006 A (Doc. 4)*, and ***Motion Restricting Removal or Transfer of Petitioner From Current Place of Detention before Final Adjudication of the Foregoing*** *(Doc. 8)* be **DENIED without prejudice**; and that this case be **DISMISSED without prejudice**.

### *Background*

Petitioner is a citizen and national of Ghana. *See* [*Doc. 17-11*]. Petitioner has four prior criminal convictions, at least one of which is an aggravated felony. *See* [*Doc. 17* at 2] (citing *Docs. 17-5, 17-7, 17-9,* and *17-10*). While serving his sentence for his fourth conviction, Petitioner was encountered by Immigration and Customs Enforcement (hereinafter "ICE") on May 17, 2011, served with a Notice to Appear, and charged with violations of the Immigration and Nationality Act. [*Doc. 17-3* at 1]. On May 26, 2011, Petitioner was placed into ICE custody at the Otero County Processing Center in Chaparral, New Mexico, and became subject to removal proceedings. *Id.* An administrative order of removal was entered on January 4, 2012, in which Petitioner was found "deportable as an alien convicted of an aggravated felony." [*Doc. 17-2*]. Petitioner indicated that he wished to request withholding or deferral of removal under the Convention Against Torture, because he feared torture in Ghana. [*Doc. 17-1* at 2]. ICE referred Petitioner's claim of reasonable fear to the United States Citizenship and Immigration Services Asylum Office for adjudication. [*Doc. 17-3* at 1]. On April 20, 2012, Petitioner withdrew his request for a reasonable fear interview, and, on August 8, 2012, an asylum officer interviewed Petitioner and formally approved withdrawal of Petitioner's request for a reasonable fear interview. *Id.* at 2.

On October 4, 2012, ICE requested an emergency travel document for Petitioner from the Consulate General of Ghana. *Id.* An interview was scheduled for January 22, 2013, with the

Ambassador of Ghana regarding Petitioner's pending travel document request, which was then rescheduled for January 31, 2013. [*Doc. 17* at 3] and [*Doc. 17-4* at 1]. Neither party has informed the Court regarding the outcome of this interview.

On November 1, 2012, Petitioner filed his Petition alleging that his continued detention is unreasonable because it exceeds the presumptively reasonable period of six months set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). [*Doc. 1* at 7]. In his motion to dismiss, Respondent contends that: (1) Petitioner's order of removal did not become final until August 8, 2012, so the six-month presumptively reasonable period did not run until February 8, 2013; and (2) Petitioner's petition should be denied because Petitioner has failed to show that there is not a significant likelihood of his removal in the reasonably foreseeable future. [*Doc. 17* at 5-10].

## *Discussion*

Pursuant to 8 U.S.C. § 1231(a)(1)(A), an alien must be removed from the United States within a period of 90 days from when the alien is ordered removed. There are two exceptions to this 90-day removal period requirement. First, 8 U.S.C. § 1231(a)(1)(C) states:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Second, the Supreme Court while recognizing that the statute "does not permit indefinite detention," nevertheless has held that aliens may be detained beyond the statutory 90-day time period for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*,

533 U.S. at 689.  In *Zadvydas* the Supreme Court determined that the presumptive period during which the detention of an alien is reasonably necessary to effect his removal is six months.  *Id.* at 701.  After this time period, it is the burden of the petitioner to establish that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*  If the petitioner is able to make this showing, "the Government must respond with evidence sufficient to rebut that showing."  *Id.*

### A.  *Beginning of the Presumptively Reasonable Period for Removal*

Petitioner's removal order was served on Petitioner on January 4, 2012 (*Doc. 17-2*), but Respondent contends that the presumptively reasonable detention period was tolled pending determination of Petitioner's claim of reasonable fear.  [*Doc. 17* at 5].  Respondent contends that the removal order did not become final until August 8, 2012, which is the date Petitioner's request to withdraw his claim of reasonable fear was granted, and, therefore, the presumptively reasonable period for removal did not end until February 8, 2013.  *Id.* and [*Doc. 17-3* at 2, ¶ 10].  While Respondent cites 8 C.F.R. §§ 208.31 and 238.1(f)(3) for this contention (*see Doc. 17* at 3 and 5), neither of those regulations state that the presumptively reasonable period for removal is tolled pending determination of a claim for reasonable fear.  Respondent does not cite to any case on point; however, in *Gozo v. Napolitano*, No. 08-12464, 309 Fed. Appx. 344, 346, 2009 WL 215330 (11th Cir. Jan. 30, 2009) (unpublished), the Eleventh Circuit held that the removal period was tolled pending a determination of the petitioner's filing for withholding of removal based on a claim of reasonable fear.  The Eleventh Circuit reasoned that the petitioner "interrupted the running of time under *Zadvydas*," by challenging issues related to his removal order.  *Id.* (citation and internal

4

quotation marks omitted). The Court finds this reasoning persuasive. In addition, pursuant to 8 U.S.C. § 1231(a)(1)(C), the removal period is suspended when the immigrant acts to prevent his removal subject to an order of removal, which could apply in this case because Petitioner acted to prevent his removal by requesting that his removal be withheld or deferred under the Convention Against Torture. For these reasons, the Court finds that Petitioner's presumptively reasonable removal period did not begin to run until August 8, 2012.

### B. *Significant Likelihood of Petitioner's Removal in the Reasonably Foreseeable Future*

Even though the Court finds that the presumptively reasonable removal period did not begin to run until August 8, 2012, that period expired on February 8, 2013, so the Court must next determine whether Petitioner has established that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The Court finds that this burden has not been met. Petitioner does not present any evidence or argument that a travel document from Ghana is not forthcoming. To the contrary, Respondent states that Petitioner's brother was successfully removed in 2012, and Petitioner does not allege that his case is different than his brother's case. [*Doc. 17* at 6]. Respondent further provides an affidavit with a chronology of the calls and e-mails ICE deportation officers have made to the Consulate of Ghana to the ICE Travel Document Unit in Washington, D.C. asking for help dealing with the Consulate of Ghana. [*Doc. 17-3* at 2-3] and [*Doc. 17-4* at 1-3]. The Court, therefore, finds that Petitioner's continued detention does not violate *Zadvydas* because he has not made a showing that his removal is not likely in the reasonably foreseeable future. *Cf. Zadvydas*, 533 U.S. at 690-91 (wherein the petitioners could not be removed because no country would accept them, so removal was "no longer

5

practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent").

### C. Petitioner's Due Process Claims

Next, the Court addresses Petitioner's claims that his continued detention violates his substantive and procedural due process rights. [*Doc. 1* at 8-9]. The Court finds that these claims fail because Petitioner has failed to show that there is no significant likelihood of removal in the foreseeable future. *Zadvydas*, 533 U.S. at 690 and 701 (holding that post-order detention is permissible and does not violate due process). Petitioner claims that he did not have a custody review, that he received notice of a custody review six (6) months after the review was to have taken place, and that there is no administrative mechanism in place to review his continued detention. [*Doc. 1* at 6, 9 and 12-13]. 8 C.F.R. § 241.4 governs the continued detention of aliens who have been convicted of one or more aggravated felonies, as Petitioner has been, and sets forth the process by which custody determinations are made. *See* 8 C.F.R. § 241.4(a), (d), (e) and (f). Pursuant to 8 C.F.R. § 241.4(i)(7), an alien can request a new determination of reasonableness of his removal, whereby, if ICE determines that there is no longer a significant likelihood of removal in the foreseeable future, ICE can then release the alien under supervision. Petitioner submitted a "Decision to Continue Detention" dated October 25, 2012, that states that Petitioner's "custody status has been reviewed and it has been determined that [Petitioner] will not be released from the custody of [ICE] at this time," because Petitioner's criminal history, including "recent convictions for carrying a handgun, transportation of a handgun on roadway and possession of regulated firearm convicted of disqualifying crime," leads ICE to consider Petitioner "to be a potential threat to the

community." [*Doc. 1* at 18].  Therefore, it appears that there has been a custody review, a copy of that decision was provided to Petitioner, and the decision sets forth the reasons for the continued detention, which complies with 8 C.F.R. § 241.4(d).  In addition, Petitioner does not allege that he has pursued a new determination of reasonableness of his removal under 8 C.F.R. § 241.4(i)(7), or that such a review has been denied to him.  For these reasons, the Court finds that Petitioner's due process rights have not been violated, and these claims should be denied without prejudice.

For the reasons stated above, the Court recommends that Respondent's ***Motion to Dismiss Petition Without Prejudice (Doc. 17)*** be granted and Petitioner's ***Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)*** be denied without prejudice.

### *D.  Petitioner's Remaining Motions*

In addition, the Court recommends that Petitioner's ***Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A (Doc. 4)*** be denied without prejudice.  Petitioner states in the motion that he needs counsel because the legal issues in this case are complex.  [*Doc. 4* at 4].  The Court finds that, at this point, Petitioner's case is not complex and Petitioner has presented his claims clearly without legal counsel.  The Court also recommends that Petitioner's ***Motion Restricting Removal or Transfer of Petitioner From Current Place of Detention Before Final Adjudication of the Foregoing (Doc. 8)*** be denied without prejudice.  Petitioner sets forth no reason for asking this Court to restrict Petitioner's transfer or removal from his current place of detention, and provides no support for whether the Court has the jurisdiction to grant such a request.  To the extent Petitioner seeks to challenge the final order of removal, such relief is not available in this Court.  *See* 8 U.S.C. § 1252(a)(5) (setting forth the means for judicial review of an order of removal, which is

a petition for review filed with the appropriate court of appeals).  The Court, therefore, recommends that these motions be denied without prejudice.

Finally, the Court recommends that *Petitioner's Motion to Expedite Decision (Doc. 9)* and *Petitioner's Motion to Present Additional Evidence for Inclusion in his Case (Doc. 14)* be granted. The Court has expedited its decision on Petitioner's case and has considered the document submitted by Petitioner with Document 14, which is a request by Petitioner dated October 25, 2012, asking ICE how many months it has been since Petitioner's final order of removal was entered and whether or not the order was tolled.  [*Doc. 14* at 4].  The document contains a reply from an ICE staff member stating that it had been 296 days since the final order was entered and that "[t]he clock did not stop."  *Id.*  The Court finds that this document does not affect the Court's reasoning above regarding the constitutionality of Petitioner's continued detention pending removal from this country.

### *Conclusion*

For the reasons stated above, the Court recommends that Respondent's *Motion to Dismiss Petition Without Prejudice (Doc. 17)*, *Petitioner's Motion to Expedite Decision (Doc. 9)* and *Petitioner's Motion to Present Additional Evidence for Inclusion in his Case (Doc. 14)* be **GRANTED**; Petitioner's *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)*, *Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A (Doc. 4)*, and *Motion Restricting Removal or Transfer of Petitioner From Current Place of Detention Before Final Adjudication of the Foregoing (Doc. 8)* be **DENIED without prejudice**; and that this case be **DISMISSED without prejudice**.

_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**

9